| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SCOTT W. GRAVES, | § |
| | § |
| Plaintiff, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 9:20-CV-235 |
| | § |
| DAVID W. MBUGUA, | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING THE MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Scott W. Graves, a prisoner previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against David W. Mbugua.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. On December 20, 2024, the magistrate judge recommended dismissing the action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). To date, the parties have not filed objections to the report.

The court received and considered the Report and Recommendation of United States Magistrate Judge pursuant to such referral, along with the record, pleadings and all available evidence. After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.

Because the statute of limitations would bar future litigation of Plaintiff's claims, a dismissal would act as a dismissal with prejudice. A dismissal with prejudice is appropriate only

if there is a clear record of delay or contumacious conduct by the plaintiff, and if lesser sanctions would not serve the interests of justice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In this case, Plaintiff has not exhibited a clear record of contumacious conduct. However, Plaintiff has shown no interest in prosecuting this case since June 17, 2024, when he last contacted the court. On December 17, 2024, a court order sent to Plaintiff's last known address was returned as undeliverable, and Plaintiff has not provided the court with his current address.

The court has considered imposing lesser sanctions and found them inadequate to address the current situation. Because Plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions is almost certainly futile. Further, this case would remain suspended in limbo, unable to proceed, so long as Plaintiff fails to provide the court and the defendant with his current address. A dismissal is the only sanction available in this instance, but the court will lessen the sanction by allowing Plaintiff to reopen the case by providing within thirty days of the date the judgment is entered.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of United States Magistrate Judge (#47) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 4th day of February, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE